UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRASOL HOMEOWNER'S ASSOCIATION,<br><br>          Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>          Defendant. | Civil No. 09cv1823-L(CAB)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

Defendant Travelers Property Casualty Company of America removed this insurance bad faith and breach of contract action from State court. Its notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. For the reasons which follow, the action is **REMANDED**.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).  Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000.  28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380; *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), *overruled on other grounds*, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).  "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

The complaint does not allege damages in excess of $75,000.  Plaintiff alleged that it suffered fire damage and submitted a claim for $158,280.  (Compl. at 3.)  Defendant chose a different contractor and paid $124,000 to repair the damage.  (*Id*.)  Plaintiff claims that the contractor chosen by Defendant did not adequately perform its job.  (*Id*. at 3-4.)  As a result Plaintiff incurred "in excess of $70,000" in construction management fees.  (*Id*. at 4.)  Plaintiff

/ / / / /

seeks to recover the construction management fees and unspecified other damages. In the notice of removal, Defendant argues that damages will exceed $75,000.

To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego Abrego*, 443 F.3d at 690, quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Based on the allegations in the complaint, this is not "facially apparent." *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (when the complaint falls short of seeking the threshold amount, it is not facially apparent that the amount in controversy requirement has been met.)

When the plaintiff alleges damages in an amount less than the jurisdictional amount, "a defendant will be able to remove the case to federal court by showing a legal certainty that the amount in controversy exceeds the statutory minimum." *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). Defendant's argument in its notice of removal, unsupported by any evidence, falls short of this standard.

In the alternative, the complaint can be interpreted as not stating a specific amount of damages because Plaintiff requests $70,000 plus unspecified other damages. When a plaintiff does not specify the amount of damages, the court looks beyond the complaint to determine whether the suit meets the jurisdictional requirement. *Lowdermilk*, 479 F.3d at 998 & n. 4; *Abrego Abrego*, 443 F.3d at 690. In such cases, "the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk*, 479 F.3d at 998; *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendant's argument is unsupported by any evidence and therefore "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the] burden of setting forth, in the removal petition itself, the *underlying facts* supporting the assertion that the amount in controversy exceeds [the jurisdictional requirement]." *Id*. (quotation marks omitted, emphasis in original).

Defendant has failed to meet its burden of establishing removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: August 24, 2009

_____
M. James Lorenz
United States District Court Judge